DENNIS WAYNE LINKER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Linker v. Commissioner
Docket No. 2261-89
United States Tax Court
T.C. Memo 1993-279; 1993 Tax Ct. Memo LEXIS 282; 65 T.C.M. (CCH) 3019; June 28, 1993, Filed *282 Decision will be entered under Rule 155. Held: Petitioner is found to be an unreliable witness. Therefore, respondent's determinations are upheld. For petitioner: Edward P. Guttenmacher. For respondent: Sheldon M. Kay and Alison W. Lehr. WHITAKER
WHITAKER
MEMORANDUM FINDINGS OF FACT AND OPINION WHITAKER, Judge: Respondent determined a deficiency in, and an addition to, petitioner's Federal income tax for the year and in the amounts set forth below: Year
Deficiency
Sec. 6653(b) [1]
1981
$ 180,447
$ 90,223.50
Respondent determined, and petitioner does not dispute, that during the year 1981 petitioner was engaged in the business of selling marijuana. For the year 1981 petitioner was an accrual method, calendar year taxpayer. Respondent filed a motion for partial summary judgment which was answered by petitioner and in *283 December 1990 a hearing was held on respondent's motion. Based on those pleadings and the hearing, we found that petitioner is estopped from denying liability for the fraud addition to tax with respect to whatever deficiency, if any, is determined for the year 1981. FINDINGS OF FACT Some of the facts have been stipulated and they are so found. Petitioner was a resident of the State of Florida at the time of the filing of the petition herein. While it is not material to the case, we note that the statutory notice of deficiency was issued to petitioner while he was incarcerated for selling drugs. Petitioner was engaged in the purchase and sale of marijuana from approximately 1978 through May 1982. For the 1981 taxable year petitioner's books and records reflected only the period January 1 through August 13, 1981. The statutory notice was based on petitioner's books and records and, therefore, reflects sales of marijuana only for that period. Apparently, petitioner maintained no written record of business done in 1981 subsequent to August 13. Most of the testimony at trial concerned the period August 14, 1981, through December 31, 1981. Petitioner sought to establish substantial *284 losses and bad debts to offset 1981 income. Respondent contends that for this period petitioner's gross sales were $ 5,827,656 with a cost of goods sold of $ 4,889,080. Respondent also contends that petitioner's net profit for this period, taking into account transportation and distribution costs, was $ 350,306. Respondent has conceded, however, that petitioner is entitled to an adjustment of $ 2,400 for a return of marijuana. Hence, according to respondent, petitioner's net profit for this period is actually $ 347,906. Petitioner has admitted receiving gross income of $ 347,906 from the sale of marijuana for the period January 1, 1981, through August 13, 1981. During 1981 petitioner operated a small corporation by the name of Class Plus Enterprises, Inc. It is petitioner's contention that he put drug money into Class Plus Enterprises, Inc., and drew out a salary reflecting part of that drug money. Petitioner actually reported gross income on his 1981 return of $ 42,509, which he contends was money derived from the marijuana business. Petitioner contends that his gross income through August 13, 1981, was $ 347,906 and for the remainder of the year was $ 103,802 [2] for a total *285 gross profit of $ 451,708. Petitioner also contends that he had expenses of $ 29,900 in 1981 in connection with the marijuana business and that he incurred a bad debt or debts of $ 242,420 resulting from a sale of marijuana to two individuals as to which the purchase price was allegedly never paid, as well as another bad debt arising out of a similar situation in the amount of $ 32,575. Petitioner also claims that he lost $ 105,000 in cash in an unsuccessful attempt to purchase marijuana in Texas, thus incurring expenses and losses for the year of $ 409,895 with a resulting net income for the year of $ 41,813 which is less than the amount reported on his 1981 income tax return. Although petitioner worked with or was associated with other individuals during 1981, he was the principal witness at trial. Two of petitioner's alleged customers did testify, but their testimony does not help petitioner's case *286 or our findings of fact in any material respect. No explanation was offered for the failure to produce other corroborative testimony. We observed petitioner carefully throughout the trial since it was apparent to us that his credibility would be significant, if not controlling. During his testimony we were particularly alert to petitioner's appearance, facial expressions, and body language. Unfortunately, we became and remain convinced that petitioner was not a credible witness. OPINION Respondent's determinations of income tax deficiencies are generally presumed to be correct, and petitioner bears the burden of proving that respondent erred in her determinations. Rule 142(a); . We ordinarily will not look behind the notice of deficiency to examine the sufficiency of evidence upon which respondent relied in making her determinations. , affd. without published opinion (7th Cir., Oct. 3, 1986); . Some courts have suggested, however, that *287 for respondent to rely upon the presumption of correctness in a case involving alleged illegal unreported income, respondent must offer some predicate evidence connecting the taxpayer to the specific illegal income-producing activity alleged in the notice of deficiency. , affg. in part and revg. and remanding in part ; , revg. ; , affg. in part, revg. in part and remanding . As set forth in our Findings of Fact, respondent's determinations are supported by both petitioner's admissions and petitioner's books and records. Thus, a rebuttable presumption of correctness attaches to respondent's determinations, and the burden of going forward with evidence, as well as the burden of proof to establish petitioner's correct tax liability, remains with petitioner. See , *288 affg. . Petitioner's case rests largely upon the credibility of his own testimony. We are sure that his testimony includes a mixture of fact and fiction, but we have no way of separating fact from fiction except to the extent of the findings set forth herein. Petitioner's other two witnesses provide no material assistance. Our findings do not permit us to make any factual determination as to petitioner's actual net income or loss, as claimed by petitioner, from drug sales or otherwise during 1981. We cannot and do not accept petitioner's contentions as to this issue, having found him to be an unreliable witness. Therefore, we have no choice but to find for respondent in this case. Petitioner contends that if a deficiency is found in his 1981 income tax, then petitioner's tax liability must be computed using income averaging. Secs. 1301-1305. Petitioner did not claim income averaging on his 1981 return and, therefore, the burden of proof rests with petitioner. Respondent contends that petitioner is not entitled to income averaging for 1981 because petitioner did not establish his correct taxable income for the base period years. *289 Sec. 1302(c)(2); ; see ; ; . Petitioner's returns as filed for the base period years were admitted into evidence. We have reviewed petitioner's base period returns and the testimony relating thereto and are convinced that the returns do not accurately reflect the income realized by petitioner from his marijuana sales during 1978, 1979, and 1980. Therefore, petitioner has failed to meet his burden of proof with respect to the income averaging issue, and we decide this issue for respondent. In accordance with our earlier ruling, petitioner is estopped from denying liability for the fraud addition to tax with respect to the deficiency determined herein. A criminal conviction based on an indictment charging a willful attempt to evade or defeat taxes necessarily carries with it the ultimate factual determination that the resulting deficiency was due to fraud. , *290 affg. ; ; ; ; , affd. . Furthermore, for purposes of applying the doctrine of collateral estoppel regarding the fraud issue, there is no difference between a conviction based on a guilty plea and a conviction after a trial on the merits. ; . Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954 in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Respondent contends that this figure should be $ 103,862. We make no effort to resolve this minor discrepancy.↩